IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3073 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 3, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 10.) Also pending are Plaintiff's Motions to Appoint Counsel (filing nos. 7 and 14), Motion for Summons (filing no. 11), Motion for Return of Original Documents (filing no. 12) and Second Motion for Leave to Proceed IFP (filing no. 19). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 3, 2013, against the Nebraska Department of Correctional Services ("NDCS"), NDCS Director Robert P. Houston ("Houston"), and NDCS Warden Fred Britten ("Britten"). (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff sues each of the individual Defendants in both their individual and official capacities. (*Id*. at CM/ECF p. 7.) Plaintiff is currently confined at the Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. (*Id*. at CM/ECF p. 2; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that from 2007 to 2009, he was exposed to secondhand smoke in his cell. (Filing No. 1 at CM/ECF p. 4.) This second hand smoke was produced by inmates smoking pouch tobacco and "other unknown substances." (*Id*.) As a direct result of his exposure, Plaintiff began suffering from asthma in 2010. (*Id*. at CM/ECF p. 5.) Since 2010, Plaintiff has continued to be exposed to second hand smoke, which causes Plaintiff to experience a "burning sensation" in his "chest and lungs," asthma attacks, headaches and coughing. (*Id*.) Plaintiff states TSCI's "no smoking" rules are not enforced and are routinely ignored. (*Id*. at CM/ECF p. 6.) In addition, Plaintiff has been denied medical attention, despite his requests for help, when experiencing asthma attacks. (*Id*.)

Plaintiff seeks $100,000.00 in compensatory damages and $75,000.00 in punitive damages against each Defendant. (*Id*. at CM/ECF p. 7.) He also asks for a declaration that Defendants violated the Constitution. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

   *A.   Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues NDCS and two state employees in both their individual and official capacities. (Filing No. 1 at CM/ECF pp. 1, 7.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against NDCS, and the individual Defendants in their official capacities, are barred by the Eleventh Amendment. However, the Eleventh Amendment does not bar Plaintiff's claims for declaratory relief against the individual Defendants in their official capacities or Plaintiff's monetary claims against the individual Defendants in their individual capacities.

3

B.   *Eighth Amendment Medical*

The court liberally construes Plaintiff's allegations to allege an Eighth Amendment claim relating to denial of medical treatment.  A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).  Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs.  *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006).  "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).  Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Here, Plaintiff alleges he has been, and continues to be, exposed to secondhand smoke which causes him to experience a "burning sensation" in his "chest and lungs," asthma attacks, headaches, and coughing. (Filing No. 1 at CM/ECF pp. 6-7.)  Plaintiff states the TSCI's "no smoking" rules are not enforced and are routinely ignored.  (*Id*. at CM/ECF p. 6.)  In addition, Plaintiff has been denied medical attention, despite his requests for help, when experiencing asthma attacks.  (*Id*.)  Liberally construed, Plaintiff's allegations are sufficient to "nudge" his Eighth Amendment medical claim against Houston and Britten across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

4

## IV. PENDING MOTIONS

### A. *Motions to Appoint Counsel*

Also pending are Plaintiff's two Motions to Appoint Counsel. (Filing Nos. 7 and 14.) However, in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's Motions to Appoint Counsel are therefore denied.

### B. *Motion for Return of Original Documents*

Plaintiff filed a Motion for Return of Original Documents. (Filing No. 12.) In his Motion, Plaintiff asks the court to send all of his original documents back to him. (*Id*.) However, Plaintiff did not follow NECivR 5.1(f)(2) and all original documents have been destroyed in accordance with that rule. *See also Young v. Smalls*, No. 09-2545 DMS (JMA), 2010 WL 731389, at *1 (S.D. Cal. Feb. 26, 2010) (stating the court cannot return original documents to a party once they are filed as part of the court's record). Moreover, Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's Motion for Return of Original Documents is denied.

C.      *Second Motion for Leave to Proceed IFP*

Plaintiff has filed a Second Motion for Leave to Proceed IFP. (Filing No. 19.) However, Plaintiff has already been permitted leave to proceed IFP. (*See* Filing No. 10.) Accordingly, Plaintiff's Second Motion for Leave to Proceed IFP is denied as moot.

D.      *Motion for Summons*

Plaintiff has filed a Motion for Summons. (Filing No. 11.) Plaintiff's Motion for Summons is denied and he is directed to comply with the court's instructions regarding service of process below.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motions to Appoint Counsel (filing nos. 7 and 14), Motion for Summons (filing no. 11), Motion for Return of Original Documents (filing no. 12) and Second Motion for Leave to Proceed IFP (filing no. 19) are denied.

2.      Plaintiff's monetary damages claims against NDCS and Plaintiff's monetary damages claims against Houston and Britten in their official capacities are dismissed with prejudice.

3.      Plaintiff's claims for declaratory relief against Houston and Britten in their official capacities, and Plaintiff's Eighth Amendment claims against Houston and Britten in their individual capacities, may proceed and service is now warranted as to those claims only.

4.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms (for

6

service on Defendants in their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 13, 2013**: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

7

DATED this 16th day of August, 2013.

BY THE COURT:

*s/Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.