IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3073 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Serve Summons. (Filing No. 26.) Because Plaintiff is proceeding in forma pauperis, he is entitled to rely on the United States Marshals Service for service of process. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). However, Plaintiff has not provided the Marshals with an address to serve Defendants. (Filing No. 26.) It is Plaintiff's duty to determine Defendants' whereabouts, not the duty of the marshals service or the clerk's office. *See Gray v. Rose*, Nos. 2:08–CV–251, 2:08–CV–1154, 2009 WL 2132623, at *3 (S.D. Ohio July 10, 2009) ("The fact that this defendant could not be effectively served with process at that address is chargeable to plaintiff, not to either the Clerk or the Marshal."); *see also Gustaff v. MT Ultimate Healthcare*, No. 06 CV 5496(SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y. June 21, 2007) ("The United States Marshals Service cannot investigate defendant's whereabouts, nor can the court. That is Plaintiff's responsibility."). Where a pro se plaintiff fails to provide the Marshals with accurate and sufficient information to effect service of the summons and complaint, the court may, sua sponte, dismiss any unserved defendants. *See, e.g., Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

In this matter, Plaintiff has until December 13, 2013, to compete service of summons. (*See* Filing No. 24.) On its own Motion, the court will provide Plaintiff with additional time to provide the Marshals with accurate and sufficient information to effect service of summons. The court warns Plaintiff that if he fails to provide the proper information and complete service of process by January 13, 2014, his claims may be dismissed against any unserved Defendants without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Serve Summons (filing no. 26) is denied because his Summons and USM-285 forms contain insufficient information.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms (for service on Defendants in their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant by January 13, 2014, may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

5.  The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "January 14, 2014: Check for service of summons."

DATED this 6th day of December, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.