IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3073 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on several service of process-related motions filed by Plaintiff. (*See* Filing Nos. 30, 31, 32, 33, 34 and 35.)

Two of Plaintiff's pending Motions ask the court to permit him to conduct discovery to identify Defendants' full names and addresses. (Filing Nos. 30 and 32.) However, Plaintiff appears to have this information. (*See, e.g.,* Filing No. 28.) Moreover, shortly after Plaintiff filed this action, the clerk's office delivered to him a copy of the court's General Order Number 2007-12, which states that "[n]o discovery in pro se civil cases assigned to a district judge shall take place until . . . a progression order is entered unless permitted by the court." (Filing No. 9 at CM/ECF p. 1.) The court has not entered a progression order in this matter and Plaintiff has provided no reason why early discovery should be allowed in this case. Accordingly, the court will deny his discovery Motions.

Plaintiff has also filed a Motion for Summons (filing no. 31) and two Motions for Service (filing nos. 34 and 35.) Because Plaintiff is proceeding in forma pauperis, he is entitled to rely on the United States Marshals Service for service of process. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). On three separate occasions, the court has sent Plaintiff Summons and USM-285 forms to obtain service

on Defendants. (*See* Filing Nos. 24, 27, and 29.) Although Plaintiff has completed the USM-285 forms, he has failed to complete the Summons forms. (*See* Filing Nos. 26, 28, and 35.) Indeed, Plaintiff has not provided the marshals with a name and address in the "To:" section, or his address in the section providing that "[t]he answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:" on the Summons forms. (*Id*.) The Clerk's office cannot complete these forms for Plaintiff and Plaintiff must complete these forms before service of process can occur.[1] On the court's own motion, Plaintiff will have one more chance to correctly fill out the forms. Accordingly, his Motion for Summons (filing no. 31) is granted. Plaintiff's Motions for Service (filing nos. 34 and 35) are denied.

Also pending is Plaintiff's Motion for Enlargement of Time to effect service of process. (Filing No. 33.) The court will grant the Motion, but warns Plaintiff that if he fails to provide the proper information and complete service of process by May 14, 2014, his claims may be dismissed against any unserved Defendants without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Discovery Motions (filing nos. 30 and 32) are denied.

2. Plaintiff's Motion for Summons (filing no. 31) is granted in accordance with this Memorandum and Order.

---

[1]Plaintiff argues that he filled out the Summons and USM-285 forms in another case (i.e. Case No. 4:13CV3088) and service of process occurred. (Filing No. 31.) He asks the court to investigate how the same information can be sufficient in one case, but not another. (*Id*.) In Case No. 4:13CV3088, the summons forms contain an address in the "To:" section. (*See* Case No. 4:13CV3088, Filing No. 19.) In this matter, the Summons forms are blank. (*See* Filing Nos. 26, 28, and 35.) Again, the clerk's office will not fill out this information for Plaintiff.

2

3. Plaintiff's Motions for Service (filing nos. 34 and 35) are denied because his Summons and USM-285 forms contain insufficient information.

4. Plaintiff's Motion for Enlargement of Time (filing no. 33) is granted. Plaintiff shall have until May 14, 2014, to complete service of process.

5. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms (for service on Defendants in their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

6. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant by May14, 2014, may result in dismissal of this matter as to such defendant without further notice. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "May 14, 2014: Check for service of summons."

3

DATED this 17th day of March, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.