IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3073 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 47.) As set forth below, the Motion is denied in part and granted in part.

    On August 16, 2013, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 24.) In that Memorandum and Order, the court liberally construed and analyzed Plaintiff's claims. In doing so, the court determined that Plaintiff had set forth enough allegations to "nudge" his Eighth Amendment claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Burke v. North Dakota Dep't of Corr. and Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

    Rather than file an answer, Defendants filed their Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Defendants argue that Plaintiff's Complaint fails to allege any specific acts or conduct on the parts of Robert Houston and Fred Britten. Defendants are correct with respect to Plaintiff's claims against Robert Houston. When a plaintiff fails to allege specific

acts or conduct on the part of a defendant, and the complaint is silent as to the defendant except for his name appearing as a defendant, the complaint is properly dismissed. A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). The court has carefully reviewed Plaintiff's filings and finds that they do not raise an Eighth Amendment claim against Robert Houston. Accordingly, the court will dismiss Plaintiff's claims against Robert Houston.

The court finds that Plaintiff's filings, taken together, adequately raise an Eighth Amendment claim against Fred Britten. In assessing Plaintiff's Complaint, the court must also consider the materials attached to his Complaint and the allegations raised in his subsequent filings. *See Pratt v. Corrections Corp. of Am.*, 124 Fed.Appx. 465, 466 (8th Cir. 2005) (per curiam); *see also Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n. 1 (8th Cir. 2010) (explaining that a pro se party's pleadings must be liberally construed).

Plaintiff submitted a copy of an interview request form addressed to Britten in which he advised Britten that he has asthma and at least one officer was not enforcing the smoking ban in the prison. (*See* Filing No. 18 at CM/ECF p. 4.) In light of the liberal pleading standard afforded to pro se litigants, the court finds that Plaintiff has set forth sufficient facts to nudge his Eighth Amendment claims against Fred Britten across the line from conceivable to plausible. While Plaintiff's claims may ultimately not withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 47) is granted in part and denied in part. Plaintiff's claims against Robert Houston are dismissed without prejudice. The remainder of Defendants' Motion to Dismiss is denied without prejudice to reassertion in a motion for summary judgment.

2. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file their answer no later than 14 days from the date of this Memorandum and Order.

3. Following the filing of Defendant's answer, a separate progression order will be entered progressing this matter to final disposition.

DATED this 6th day of November, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge