IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3073 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, and | ) | |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Pavon Emilio's Motion to Appoint Counsel (Filing No. 66) and Motion to Stay Case Progression (Filing No. 68). The court will deny the Motion to Appoint Counsel, and grant the Motion to Stay Case Progression in part.

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

With respect to Plaintiff's Motion to Stay Case Progression, Plaintiff asks for an order staying progression of this case until after the court rules on Plaintiff's motion for an order compelling discovery. In addition, Plaintiff seeks leave to supplement his Complaint. The court very recently granted Plaintiff's discovery motion on January 15, 2015, and ordered Defendant to respond to Plaintiff's discovery request by January 29, 2015. (*See* Filing No. 63.) On January 21, 2015, the court extended the time in which Defendant had to respond to February 20, 2015. (*See* Text

Order dated January 21, 2015.) Because the standing progression order in this case requires dispositive motions to be filed by February 27, 2015, the court will enter a separate amended progression order.

Plaintiff's Motion to Stay Case Progression also seeks leave to file an amended complaint. Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The applicable standard is summarized in *Foman v. Davis,* 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* In addition, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Plaintiff did not file a copy of his proposed amended complaint. In addition, his request for leave to amend does not provide the information necessary for the court to consider whether to allow Plaintiff to amend his Complaint. Therefore, Plaintiff's request for leave to amend his complaint will be denied without prejudice to reassertion of a motion that complies with the court's local rules.

IT IS ORDERED:

1. Plaintiff's Motion to Stay Case Progression (Filing No. 68) is granted in part and only to the extent his requests for relief are consistent with the relief provided in this order.

2. Plaintiff's Motion to Appoint Counsel (Filing No. 66) is denied without prejudice to reassertion.

DATED this 22nd day of January, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.