IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMILIO PAVON, | 4:13CV3073 |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| FRED BRITTEN, | |
| Defendant. | |

    This matter is before the court on Defendant Fred Britten's ("Britten") Motion for Summary Judgment (Filing No. 77). For the reasons explained below, Britten's motion will be granted.

## I. BACKGROUND

    Emilio Pavon ("Pavon" or "Plaintiff") was incarcerated at the Tecumseh State Correctional Institution ("TSCI") when he filed this action on April 3, 2013.[1] Britten, the only remaining defendant in this case, was warden of the TSCI at all times relevant to this action. Pavon brought this suit under 42 U.S.C. § 1983 against Britten for violations of his Eighth Amendment rights. Specifically, Pavon claimed prison staff failed to protect him from exposure to secondhand smoke and vapors from cleaning chemicals while he was incarcerated at the TSCI.

    Britten filed the summary-judgment motion at issue here on March 5, 2015. He argued the evidence clearly shows that no genuine issue of material fact exists and he is, therefore, entitled to judgment as a matter of law. (*See* Filing Nos. 77, 78, and 79.) Britten submitted some evidence and briefing under provisional seal in support of the motion (Filing Nos. 75 and 76), but these specific filings were not served on Pavon

---

[1]Pavon now resides at the Lincoln Correctional Center in Lincoln, Nebraska. (*See* Filing No. 23, Pavon's notice of address change.)

and, therefore, the court did not consider them in ruling on Britten's summary-judgment motion. Pavon has opposed the unsealed portions of Britten's summary-judgment motion. (*See* Filing Nos. 80, 81, and 82.)

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2011) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). After the movant has demonstrated the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidence that sets out specific facts showing that there is a genuine issue for trial. *Id*. In doing so, the nonmovant must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id*. "The basic inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Jackson*, 643 F.3d at 1085 (quoting *Torgerson*, 643 F.3d at 1042).

## III. UNDISPUTED MATERIAL FACTS[2]

1. Pavon was incarcerated at the TSCI at all times relevant to this action. (Filing No. 1 at CM/ECF pp. 2, 4-5, Complaint.)

2. Britten was warden of the TSCI at all times relevant to this action. (Filing No. 1 at CM/ECF p. 4, Complaint.)

3. Pavon was housed in Housing Unit 2D within the TSCI from 2007 to 2009. (Filing No. 1 at CM/ECF pp. 4-5, Complaint.)

4. There were no tobacco violations in TSCI's Housing Unit 2D between 2007 and 2009. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.)

5. Pavon was housed in Special Management Unit B within the TSCI from 2010 to 2013. (Filing No. 1 at CM/ECF p. 5, Complaint.)

6. There was one tobacco violation in Special Management Unit B within the TSCI between 2010 and 2013. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.)

---

[2]This court's local rules require the party moving for summary judgment to file a brief containing a "separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." This statement of facts must "consist of <u>short</u> numbered paragraphs, each containing pinpoint references to . . . materials that support the material facts . . . ." The opposing party must respond to the moving party's statement of material facts in a brief containing separate numbered paragraphs with citations to supporting references and with identification of material facts that are disputed. Properly-referenced material facts in the movant's statement of facts are "considered admitted unless controverted in the opposing party's response." NECivR 56.1. The material facts below, appearing in numbered paragraphs, are those that have not been properly disputed pursuant to this court's local rules.

7. There are no documented fires occurring in housing units to which Pavon was assigned during his time at the TSCI. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.)

8. Staff at the TSCI enforce the rules prohibiting tobacco products and usage within the TSCI. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.)

## IV. DISCUSSION

Liberally construed, Pavon alleged Britten subjected him to cruel and unusual punishment when Britten failed to take steps to prevent Pavon from being exposed to secondhand smoke and other "noxious chemicals." Pavon alleged inmates smoked tobacco and other unknown substances while prison staff routinely ignored the smoking ban within the prison.[3] Pavon complained to Britten on numerous occasions with respect to this issue.

Conditions of confinement constitute cruel and unusual punishment where those conditions result in a serious deprivation of "the minimal civilized measure of life's necessities" under contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To prevail on a conditions of confinement claim, a plaintiff must show: (1) that the prison conditions pose a substantial risk of harm; and (2) that the prison official was deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

---

[3]The court did not utilize the provisionally-sealed evidence in reaching its decision in this case and the court will not refer to it in this order except to note it demonstrates Pavon is suffering from somatic delusions in which he believes he can smell secondhand smoke and chemical vapors, despite neither vapor being present. (Filing No. 76-10 at CM/ECF p. 1, sealed affidavit by physician with knowledge of the facts.) Pavon is aware he has been diagnosed with a delusional disorder, but asserts the diagnoses is inaccurate. (*See* Filing No. 84 at CM/ECF p. 2.)

4

The possession and use of tobacco and tobacco-related products and tobacco substitutes are prohibited within facilities operated by the Nebraska Department of Correctional Services of which the TSCI is a part. (Filing No. 79-12 at CM/ECF p. 2, Admin. Reg. 111.05.) Britten presented evidence that the smoking prohibition is enforced within the prison. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.) Britten also presented evidence that only one smoking violation occurred within units to which Pavon was assigned during the relevant time period. (Filing No. 79-15 at CM/ECF p. 1, Houseman Aff.)

Pavon did not present any evidence to the contrary. Rather, in response to the summary-judgment motion, he continued to assert, in conclusory fashion, that prison officials routinely failed to enforce the smoking ban. In support of this allegation, Pavon pointed to grievances he submitted to prison officials in which he complained, in general terms, that staff were not enforcing the prison's ban on smoking. (Filing No. 80 at CM/ECF p. 2 (citing "Exhibit No. 60," which is in the record at Filing No. 82-1 at CM/ECF pp. 76-79.) However, Pavon did not point to any specific instance of an inmate smoking within his allegations or within his grievances to prison staff. Stated another way, Pavon does not claim to have *witnessed* acts of smoking, much less claim that he *witnessed* acts of smoking and then *reported* those acts to prison officials who failed to take corrective action. Rather, Pavon offered only his general and conclusory assertion that prison officials failed to enforce the ban on smoking.

Pavon also alleged in this action that inmates sprayed baby powder and cleaning chemicals on the walls, floor, and furniture in order to mask the smell of smoke, and also that he was exposed to noxious chemicals that were "allowed to linger in the air for hours." (Filing No. 1 at CM/ECF pp. 4-6, Complaint.) Pavon's allegations reflect he was particularly concerned about inmate-workers' use of bleach solution to clean the showers.

In response to Pavon's allegations, Britten presented evidence that, at all relevant times, the use of cleaning solution was rigidly controlled throughout the TSCI

5

and chemical inventory was performed daily. (Filing No. 79-15, Houseman Aff.; Filing No. 79-17, Flynn Aff.) In addition, based on the affidavit of the TSCI's safety specialist, the chemicals used by inmates all had a hazardous rating of "0" or "1" based on National Fire Protection Association ratings, with a "0" rating indicating no unusual hazard and a "1" indicating that the chemical "may be irritating." (Filing No. 79-17, Flynn Aff.) There is no evidence in the record to support Pavon's conclusory allegations that staff failed to protect him from exposure to noxious chemicals.

In summary, Pavon did not present evidence from any objective source in response to Britten's summary-judgment motion. There is no evidence substantiating Pavon's allegations that he was exposed to smoke or noxious chemicals, much less that any chemicals he was exposed to posed a substantial risk of harm to him. Thus, the court finds there is no genuine issue of material fact and Britten is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that:

1. Britten's Motion for Summary Judgment (Filing No. 77) is granted, and Pavon's claims against Britten are dismissed with prejudice. The court has considered only the unsealed arguments and evidence in ruling on Britten's motion.

2. Britten's Motion to File Under Seal (Filing No. 74) is granted. Accordingly, Filing Numbers 75 and 76 will remain under seal.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of August, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.